151 So. 189

**Succession of LEWIS.**

No. 32490.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

See, also, 174 La. 901, 142 So. 121; 177 La. 212, 148 So. 29.

ODOM, Justice.

Miss Agnes E. Lewis attempted to file certain proceedings in the Sixteenth judicial district court for the parish of Iberia in forma pauperis under Act No. 156 of 1912, as amended by Act No. 260 of 1918, page 481. The act of 1912, as amended, provides that any person who is a citizen of this state or who, if an alien, has been domiciled in this state for three years "shall have the right to prosecute and defend in all the courts of this State * * * all actions to which he may be a party whether as plaintiff, intervenor, or defendant, without the previous or current payment of costs or the giving of bonds for costs, if he is unable because of his poverty to pay such costs, or to give bond for the payment of such costs."

She attached to her petition the affidavit of a disinterested party stating in effect that she was unable to pay costs or to give bond. The district judge refused to permit her to file her proceedings without the payment of costs or filing of a bond to secure their payment.

The district judge having refused to permit her to file her proceedings, Miss Lewis applied to this court for writs of certiorari, mandamus, and prohibition, and we issued the following order:

"Considering the petition of relatrix, Miss Agnes E. Lewis,

"It is ordered that Honorable James D. Simon, Judge of the Sixteenth District Court, Parish of Iberia, show cause to this Court on Tuesday, the third day of October, 1933, at 11 o'clock a. m., why relatrix should not be permitted to file and prosecute in forma pauperis in the Sixteenth District Court, Parish of Iberia, the various suits or legal proceedings referred to in her application."

In his return the district judge certifies that upon Miss Lewis' application to prosecute her suits in forma pauperis, he made inquiry into the facts of the case as provided in section 2 of the above acts, and that

he ascertained that she had assessed to her on the assessment rolls for the parish of Iberia, for the year 1933, property of the assessed valuation of $4,500. He found further that the succession of John B. Lewis, in which relatrix owns an undivided one-fourth interest as a forced heir, was assessed at $11,-500.

He certifies further that according to an investigation made of the mortgage records of the parish, the property assessed to relatrix individually is not mortgaged, and that there are no judgments recorded against her. He says further that his investigation convinced him that the property is worth considerably more than its assessed value. For these reasons, he refused to permit relatrix to institute and prosecute these proceedings in forma pauperis.

The ruling of the district judge is correct. The estate of John B. Lewis appears to be considerably involved in debt, and from statements made by the district judge, and according to certain proceedings with reference to that estate which have heretofore come before this court, we think it probable that relatrix has no equity in that succession. However, the returns of the district judge show that she owns, individually, unincumbered property of the value of at least $4,500, and it cannot therefore be said that she is entitled to file and prosecute proceedings in the courts of the state without the payment of costs or giving bond for their payment, as provided in the acts above mentioned.

It is therefore ordered that the writs heretofore issued be now recalled, and that the application of relatrix be dismissed.